IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT THEODORE WEIDOW,
        Petitioner,

vs.                                                    Case No.:  3:07cv517/RV/EMT

LARRY CASKEY,
        Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus filed under

28 U.S.C. § 2241 (Doc. 5).  Petitioner states that he is awaiting trial and sentencing in the Circuit

Court for Okaloosa County, Florida (*id*. at 2).  It plainly appears on the face of the petition that

Petitioner is not entitled to relief in this court; therefore, the petition should be denied.

Petitioner presents the following claims in his petition:

Ground one:  This court has jurisdiction over this cause under the provisions
of section 916.07(9)(A) and 916.16, Florida Statutes.  Therefore, only this court can
possibly afford the relief that I am seeking.  This court can authorize the Okaloosa
County Jail to release me.  While incarcerated in the Okaloosa County D.O.C. I was
raped, sodomized and held against my will by a Sheriff's investigator, Robert L.
Hughes, while in the attorney visiting room at the Jail.  This Jail cannot protect me.
This investigator has not been arrested and has threatened me with death if I tell what
he did to me.

Ground two:  I am being held against my will for wrong and illegal reasons.
My constitutional, civil and Maranda [sic] rights are being severly [sic] violated, and
this Jail cannot protect me due to understaff [sic] and overcrowded conditions.  I am
being denied visits with my wife.  I'm being denied access to the court.  I can't file
writs, motions, or anything with the court.  I have to use someone else to mail this
writ to you.  My telephone calls are taped.  My mail and legal mail is opened and
pages missing.

> Ground three:  I am being deprived my [sic] freedom.  I've missed court dates that should have released me from custody.  Suicide is always on my mind. Okaloosa County officials do not want me to tell my story to the courts or to the public.  I was incarcerated against my will and all criminal facts show that I am not guilty of the criminal charges against me.  I was the passenger in a car and I'm charged with DUI.  Okaloosa County is corrupt and I have the proof.  I don't trust to mail what I have.  It won't make it out of the Jail.  If the court would send someone I'll turn over all evidence of corruption.

> Ground four:  This incarceration is wrong.  Because I was abused and molested, I am being held until I agree to a deal for my release.  I was offered to go free with six months' probation if I would sign away my rights to sue.  I refused.  I am not guilty, why should I plead guilty?  I am being held until I break and plead guilty to something.  I cannot afford an attorney.  I want a lie detector test.

(Doc. 5 at 3–5).  As relief, Petitioner requests the following: (1) release from incarceration, (2) issuance of a writ directing Respondent to transport him to this court for a hearing, (3) appointment of counsel to represent him in this habeas proceeding or permission to proceed pro se, and (4) issuance of an order requiring him to turn over to this court all letters and legal documents that prove corruption in Okaloosa County (*id*. at 6).

Pursuant to Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971), federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of:  (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised.  Hughes v. Attorney General of Florida, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53–54).  Subsequent decisions have refined Younger to state that the exceptions occur only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional.  *See* Trainor v. Hernandez, 431 U.S. 434, 447, 97 S. Ct. 1911, 1919, 52 L. Ed. 2d 486 (1977); Huffman v. Pursue, Ltd., 420 U.S. 592, 611, 95 S. Ct. 1200, 1212, 43 L. Ed. 2d 482 (1975); The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1507–09 (11th Cir. 1991); Redner v. Citrus County, 919 F.2d 646, 650 (11th Cir. 1990).  Furthermore, irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good

faith.  *See* Kugler v. Helfant, 421 U.S. 117, 123–25, 95 S. Ct. 1524, 1530–31, 44 L. Ed. 2d 15 (1975) (citing Younger, 401 U.S. at 46).  Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief.  Younger, 401 U.S. at 53–54 (citing Watson v. Buck, 313 U.S. 387, 402, 61 S. Ct. 962, 967, 85 L. Ed. 1416 (1941)).  The Eleventh Circuit has emphasized the narrowness of the irreparable injury exception to the Younger doctrine.  *See, e.g.*, Butler v. Ala. Inquiry Comm'n, 245 F.3d 1257, 1265 (11th Cir. 2001) ("Also, while we today make no decision about the constitutionality of Alabama's judicial canons, we doubt that Canon 7(B)(2) patently or fragrantly violates the Constitution 'in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'") (citation omitted); Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977) ("The statute in this case, challenged as facially unconstitutional by the Petitioner, is certainly of questionable validity.  But we certainly cannot say at this stage that this statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'  As in Younger, 'the possible unconstitutionality of a statute "on its face" does not in itself justify an injunction against good-faith attempts to enforce it . . . '") (citations omitted).  Proceedings to determine bail are properly subject to Younger abstention.  O'Shea v. Littleton, 414 U.S. 488, 501, 94 S. Ct. 669, 679, 38 L. Ed. 2d 674 (1974); Suggs v. Brannon, 804 F.2d 274, 279 (4th Cir. 1986); Wallace v. Kern, 520 F.2d 400, 405, (2nd Cir. 1975).

In the instant case, Petitioner does not allege that his prosecution for DUI was brought to harass him or otherwise motivated by bad faith.  Additionally, Petitioner has failed to show that he is entitled to review under the "irreparable injury" exception.  For example, he does not allege that the DUI statute under which he is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it."  Furthermore, Petitioner may raise his claims of Miranda violations in a pre-trial motion before the trial court, he may seek appointment of counsel in the trial court if he has not already done so, and he may present his claims of innocence and

insufficient evidence as affirmative defenses in the state trial court.  Finally, Petitioner's claims of denial of access to the courts, interference with legal mail, and sexual battery by a state actor, do not state a habeas corpus cause of action but a civil rights cause of action under 42 U.S.C. § 1983, because such claims challenge the conditions of Petitioner's confinement and not the fact or duration thereof.  *See* McKinnis v. Mosely, 693 F.2d 1054, 1056–57 (11th Cir. 1982).  Even if Petitioner were to prevail in his argument that the conditions of his confinement were unconstitutional, he would not be entitled to release from incarceration, rather, the appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing the constitutional violations.  *See* Gomez v. United States, 899 F.2d 1124 (11th Cir. 1990) (relief for Eighth Amendment violation does not include release from confinement).  Therefore, the court should refrain from assuming jurisdiction over Petitioner's claims in this habeas action.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the amended petition for writ of habeas corpus (Doc. 5) be **DISMISSED** without prejudice on the ground that the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) applies.

2.      That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 19th day of March 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:07cv517/RV/EMT